BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP              BDFTE NO. 00000008126039
4004 Belt Line Rd Ste. 100
ADDISON, TX 75001
(972) 386-5040

Attorney for HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, INC. ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2005-HE2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

**EOD**
**04/24/2019**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 17-90014-BP-13 |
| | § | |
| CARLOS ESCOBEDO and SYLVIA ESCOBEDO, | § | |
| Debtor | § | CHAPTER 13 |
| | § | |
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, INC. ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2005-HE2, | § | |
| Movant | § | FINAL HEARING DATE: 03/28/2019 |
| | § | |
| v. | § | TIME: 02:00 PM |
| | § | |
| CARLOS ESCOBEDO and SYLVIA ESCOBEDO; CAREY D EBERT, Trustee | § | |
| Respondents | § | JUDGE BILL PARKER |

## AGREED ORDER CONDITIONING AUTOMATIC STAY OF ACTION AGAINST DEBTOR PURSUANT TO 11 U.S.C. § 362

Came on for consideration the Motion For Relief from Stay, filed by HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, INC. ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2005-HE2, (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion and the agreement of counsel, is of the opinion that the following Agreed Order should be entered. It is therefore, **ORDERED, ADJUDGED, AND**

**DECREED** that:

1.     **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2.     **Current Monthly Payments:** Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning April 01, 2019, and continue said payments thereafter pursuant to that certain Note and Deed of Trust dated January 16, 2002.

3.     **Additional Payments:** In addition to the payments set forth above, Debtor shall cure post-petition arrearage and pay attorney's fees and cost in the total amount of $1,894.71. Said total amount consists of post-petition payments for the months of December 01, 2018 through March 01, 2019 additional fees and costs detailed as follows:

| | | | |
|---|---|---|---|
| Monthly Payment Amount | $631.57 x 4 | | $2,526.28 |
| Late Charges | x | | $0.00 |
| Attorney's Fees | | $0.00 | |
| Costs | | $0.00 | |
| Total Attorney's Fees & Costs | | | $0.00 |
| Amount Due | | | $2,526.28 |
|   Payment Received | | | $0.00 |
|   Payment to be Received by 03/29/2019 | | | $631.57 |
|   Debtor Suspense | | | $0.00 |
| Total Balance Due Less Payment Received | | | $1,894.71 |

The total amount due shall be paid directly to Movant in 6 payments beginning April 15, 2019 as indicated below:

WELLS FARGO BANK, N.A.<br>
PO BOX 14507<br>
DES MOINES, IA 50306<br>
Attention: Bankruptcy Department

1.   $315.79   04/15/2019
2.   $315.79   05/15/2019
3.   $315.79   06/15/2019
4.   $315.79   07/15/2019
5.   $315.79   08/15/2019
6.   $315.76   09/15/2019

**There is no grace period on additional installment payments due under this Agreed Order.**

Payments received after the due date are subject to the default provisions contained in the Default Paragraph of this Agreed Order.

4.      **Payments to Trustee:** Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date this Order is signed by the Bankruptcy Judge.

5.      **Proof of Payments:** Debtor shall have 30 days from March 28, 2019 or until April 27, 2019 to provide proof of disputed payments. Proof shall consist of a copy of the front and back of a negotiable instrument that has been paid to Movant by the institution on which it has been drawn and has not been credited by Movant to Debtor's account. If said proof is provided by April 27, 2019, then HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, INC. ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2005-HE2 shall credit Debtor's account with said payments. If said proof is not provided to Movant the Debtor must tender to Movant the amount of $1,894.71 as stated above net of payments received and said net amount becomes due and owing under the terms stated in the Additional Payments Paragraph.

6.      **Discharge:** Notwithstanding any provision hereof, the automatic stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

7.      **Conversion to Chapter 7:** The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of

this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the Note and Deed of Trust shall become immediately payable to Movant, and, if the Property has been properly exempted from the estate, failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

8. **Effect of Non-sufficient Funds:** Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

9. **Default:** In the event Movant does not receive any payments by the dates set forth in the Current Monthly Payments Paragraph or the Additional Payments Paragraph or Debtor does not remit the payment set forth in the Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor and Counsel for Debtor allowing Debtor a 10-day period from the date of such written notice to cure such delinquent payments. Cure payments must be made by certified funds only. In the event Debtors fail to cure such delinquent payments within such 10-day period or in the event Debtors become delinquent after **two (2) notices of default,** the Automatic Stay shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

> BEING ALL THAT CERTAIN TRACT OR PARCEL OF LAND LYING AND SITUATED IN ANGELINA COUNTY, TEXAS, OUT OF THE P. HERRERA SURVEY, ABSTRACT NO. 802 AND BEING ALL OF THAT CERTAIN 3.23 ACRE TRACT DESCRIBED IN A DEED FROM AUDRA M. EUBANK TO TRUITT J. EUBANK DATED JULY 2, 1996 AND RECORDED IN VOLUME 1071

ON PAGE 733 THE OF REAL PROPERTY RECORDS OF ANGELINA COUNTY, TEXAS, TO WHICH REFERENCE IS HEREBY MADE FOR ANY AND ALL PURPOSES AND THE SAID TRACT OR PARCEL BEING DESCRIBED BY METES AND BOUNDS AS FOLLOWS, TO-WIT:

BEGINNING AT THE NORTHEAST CORNER OF THE AFORESAID, REFERRED TO 3.23 ACRE TRACT AND THE NORTHWEST CORNER OF THAT CERTAIN 4.625 ACRE TRACT DESCRIBED IN A DEED FROM CHARLES A. ORSBORNE, ET UX TO JEFFREY ALAN MOFFETT ET UX DATED AUGUST 31, 1984 AND RECORDED IN VOLUME 565 ON PAGE 591 OF THE DEED RECORDS OF ANGELINA COUNTY, TEXAS, A 1/2" ROD FOUND FOR CORNER IN THE SOUTH BOUNDARY LINE OF THAT CERTAIN 30.41 ACRE TRACT DESCRIBED IN A DEED FROM DONALD LUSTER, ET UX TO GLEN N. MCDANIEL, ET UX DATED NOVEMBER 1, 1980 AND RECORDED IN VOLUME 510 ON PAGE 887 OF THE DEED RECORDS OF ANGELINA COUNTY, TEXAS, SAID ROD WITNESSED BY A FENCE CORNER BEARING S 69 DEG 55' W 1.2 FEET;

THENCE S 34 DEG 33' 48" W (CALLED S 34 DEG 33' 56" W) WITH THE EAST (OR SOUTHEAST) BOUNDARY LINE OF THE SAID 3.23 ACRE TRACT AND THE WEST (OR NORTHWEST) BOUNDARY LINE OF THE SAID 4.625 ACRE TRACT, AT 713.53 FEET (CALLED 713.60 FEET) THE SOUTHEAST CORNER OF THE SAID 3.23 ACRE TRACT AND THE SOUTHWEST CORNER OF THE SAID 4.625 ACRE TRACT, A POINT FOR CORNER FOR CORNER IN THE CURVING NORTH (OR NORTHEAST) RIGHT-OF-WAY LINE OF F.M. HIGHWAY NO. 326 (100 FEET WIDE RIGHT-OF-WAY), SAID POINT WITNESSED BY A POWER POLE BEARING N 29 DEG W 0.4 FEET, A FENCE CORNER BEARING N 34 DEG E 0.7 FEET, AND A CONCRETE RIGHT-OF-WAY MONUMENT BEARING S 57 DEG 05' 47" E 390.71 FEET;

THENCE NORTHWESTERLY WITH A 05 DEG 13' 32" CURVE TO THE RIGHT (CENTRAL ANGLE = 12 DEG 32' 24" RADIUS = 1096.45 FEET WITH LONG CHORD BEARING AND DISTANCE= N 40 DEG 33' 47" W 239.50 FEET (CALLED N 40 DEG 33' 44" W 239.50 FEET)) WITH THE SOUTH (OR SOUTHWEST) BOUNDARY LINE OF THE SAID 3.23 ACRE TRACT AND THE NORTH (OR NORTHEAST) RIGHT-OF-WAY LINE OF THE SAID F.M. HIGHWAY NO. 326, AT 239.97 FEET THE SOUTHWEST CORNER OF THE SAID 3.23 ACRE TRACT AND THE SOUTHEAST CORNER OF THAT CERTAIN 2.255 ACRE TRACT DESCRIBED IN A DEED FROM BOBBY R. HALL TO AUDREY B. HALL DATED FEBRUARY 25, 1988 AND RECORDED IN VOLUME 714 ON PAGE 891 OF THE REAL PROPERTY RECORDS OF ANGELINA COUNTY, TEXAS, A 1/2" PIPE FOUND FOR CORNER WITNESSED BY A 1/2" ROD (AT A FENCE CORNER) BEARING N 39 DEG 11' 54" E 0.32 FEET AND A CONCRETE RIGHT-OF-WAY MONUMENT BEARING N 25 DEG 34' 10" W 332.59 FEET;

THENCE N 34 DEG 32' 46" E (CALLED N 34 DEG 32' 46" E) WITH THE WEST (OR NORTHWEST) BOUNDARY LINE OF THE SAID 3.23 ACRE TRACT AND

THE EAST (OR SOUTHEAST) BOUNDARY LINE OF THE SAID 2.255 ACRE TRACT, AT 493.12 FEET (CALLED 493.12 FEET) THE NORTHWEST CORNER OF THE SAID 3.23 ACRE TRACT AND THE NORTHEAST CORNER OF THE SAID 2.255 ACRE TRACT, A 1/2" ROD FOUND FOR CORNER IN THE SOUTH BOUNDARY LINE OF THE AFORESAID 30.41 ACRE TRACT, SAID ROD WITNESSED BY A FENCE CORNER BEARING S 03 DEG 19' E 1.2 FEET;

THENCE S 89 DEG 53' 40" E (CALLED S 89 DEG 54' 12" E) WITH THE NORTH BOUNDARY LINE OF THE SAID 3.23 ACRE TRACT AND THE SOUTH BOUNDARY LINE OF THE SAID 30.41 ACRE TRACT, AT 280.91 FEET (CALLED 280.97 FEET) THE POINT AND PLACE OF BEGINNING AND CONTAINING 3.23 ACRES OF LAND, MORE OR LESS.

THE UNDERSIGNED DOES HEREBY CERTIFY THAT THIS SURVEY WAS THIS DAY MADE ON THE GROUND OF THE PROPERTY LEGALLY DESCRIBED HEREON AND IS CORRECT, AND THERE ARE NO VISIBLE DISCREPANCIES, CONFLICTS, SHORTAGES IN AREA, BOUNDARY LINE CONFLICTS, ENCROACHMENTS, OVERLAPPING OF IMPROVEMENTS, EASEMENTS, OR RIGHTS-OF-WAY, EXCEPT AS SHOWN HEREON, AND SAID PROPERTY ABUTS F.M. HIGHWAY NO. 326 AS SHOWN ABOVE.

BASIS OF BEARINGS: THE WEST BOUNDARY LINE OF THE SAID 3.23 ACRE TRACT (DEED CALL - E 493.12 FEET).

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision

[remainder of page intentionally (but inexplicably) left blank]

of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED**.

Signed on 04/24/2019

_____
THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY: /s/ HEATHER GRAM-CHAVEZ
    HEATHER GRAM-CHAVEZ
    TX NO. 24092440
    4004 Belt Line Rd Ste. 100
    ADDISON, TX 75001
    Telephone: (972) 386-5040
    Facsimile: (972) 661-7725
    E-mail: EDECF@BDFGROUP.COM
    ATTORNEY FOR MOVANT

WALTER DAVID STEPHENS
P. O. BOX 444
103 E. DENMAN
LUFKIN, TX 75902-0444

ATTORNEY FOR DEBTORS